UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFRED V. MARICONDA,<br><br>      Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 20-CV-4602 |

*For the Plaintiff:*
DANIEL A. OSBORN
Osborn Law P.C.
43 West 43rd Street, Suite 131
New York, New York 10036

*For the Defendant:*
SHANNON FISHEL
Social Security Department
6401 Security Blvd., 1520 Annex
Baltimore, Maryland 21235

**BLOCK, Senior District Judge:**

  Following a remand from the Court in 2021, Plaintiff Alfred Mariconda ("Plaintiff") received past-due disability benefits from the Social Security Administration ("SSA"). The Court thereafter awarded counsel Daniel A. Osborn $5,465.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Then, on November 3, 2024, the SSA sent a Notice of Award letter ("NOA") advising Plaintiff that he was due benefits and that the SSA had withheld $40,584.43 to potentially pay as fees to his representatives or counsel. Osborn filed this motion for attorney's fees under 42 U.S.C. §406(b) on November 27, 2024, seeking that sum as his attorney's fee.

1

First, the Court must consider whether Osborn's motion was timely. Typically, an attorney must file an application for fees under § 406(b) within 14 days after the claimant receives notice of any past-due benefits award. *See Sinkler v. Berryhill*, 832 F.83, 85 (2d Cir. 2019). In this case Osborn made the application more than 14 days after Plaintiff's receipt of the NOA because it was originally sent to a different law firm, and Osborn did not receive the NOA until November 15, 2024. *See* Osborn Decl. at ¶ 13, ECF No. 23-1. Osborn's application is nevertheless timely because it was made within 14 days of his own receipt of the NOA. *See Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing"); *see also Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (tolling application deadline until NOA is issued "and counsel is notified of that award").

Second, turning to the requested award, the Court determines that $40,584.43 is reasonable under the circumstances. Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the claimant is entitled." Reasonableness depends on three factors: (1) whether the proposed fee exceeds the 25% statutory maximum; (2) whether the contingency-fee agreement was reached by fraud or attorney overreach; and (3) whether the

requested amount is so large as to constitute a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the proposed fee award corresponds to the 25% amount withheld by SSA for this purpose, and the Court is aware of no evidence of fraud or overreach. Osborn has provided a copy of the attorney fee agreement between himself and Plaintiff, contemplating a fee equivalent to 25% of past-due benefits. *See* Osborn Decl. Ex. 1.

As to the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v, Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022). Osborn explains that he spent 24.5 hours on Plaintiff's appeal, yielding an effective hourly rate of $1,656.51. This is within the range found to be reasonable in comparable cases. *See id.* at 854 (approving effective hourly rate of $1,556.98); *see also, e.g.*, *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (approving $2,100 effective rate); *Gentile v. Kijakazi*, No. 21-CV-641, 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (approving $1,750 effective rate). Having considered those guidelines, the Court finds that the requested award does not constitute a

windfall.[1]

Lastly, because an attorney cannot receive fees under both the EAJA and § 406(b), an attorney must ordinarily refund the smaller fee award to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). In this case, Osborn asserts that he never received the EAJA check for $5,465.00; it was presumably stolen. *See* Osborn Decl. ¶ 9. The Court has no reason to doubt Osborn's account, and he has attached to his fee application an email conversation with SSA concerning the missing EAJA check. *See* Osborn Decl. Ex. 4. However, these emails suggest that Osborn and his firm did not alert the SSA to a potential issue with the EAJA check until July 26, 2023, more than 18 months after the EAJA fee order in this case. *See* ECF No. 22. As the SSA explained, this was after the one-year window to file a fraud claim on the check—issued March 7, 2022—had elapsed. *See* July 17, 2024 Email from Oona Peterson, ECF No. 23-5; *see also* 31 U.S.C. § 3702(c)(1) ("Any claim on account of a Treasury check shall be barred unless it is presented to the agency that authorized the issuance of such check within 1 year after the date of issuance of the check[.]").

---

[1] The fees district courts typically award in Social Security cases are a "unique carveout" to the customary attorney's fee schedule because in these cases "Congress statutorily authorizes a reasonable fee of up to '25% of the total of the past due benefits to which the claimant is entitled.'" *Rubin v. HSBC Bank USA, NA*, --- F. Supp. 3d ---, 2025 WL 248253, at *4 (E.D.N.Y. Jan. 21, 2025) (quoting 42 U.S.C. § 406(b)).

4

There have been other cases in which an intervening circumstance has caused an attorney not to receive an EAJA check and the district court did not order remittance of the EAJA fee. *See, e.g.*, *Gibson v. Saul*, No. 21-CV-41, 2024 WL 4802618 (E.D.N.Y. Nov. 15, 2024); *Santiago v. Saul*, No. 19-CV-9145, 2023 WL 2929301 (S.D.N.Y. Apr. 13, 2023); *Bermejo v. Comm'r of Soc. Sec.*, No. 18-CV-6926, 2022 WL 10676429 (S.D.N.Y. Aug. 22, 2022). However, in these cases, the reason that counsel never received the EAJA fee was traceable to the plaintiff, who owed a preexisting debt the EAJA award was used to satisfy. *See Gibson*, 2024 WL 4802618 at *1 n.1 ("Treasury intercepted the [EAJA] fees to pay Gibson's New York State tax debt . . . [Counsel] cannot return money he never received, so the Court need not consider the issue of a duplicative EAJA award."); *Santiago*, 2023 WL 2929301, at *2 (debt plaintiff owed federal government); *Bermejo*, 2022 WL 10676429, at *1 (plaintiff debt subject to lien).

Here, in contrast, Plaintiff played no apparent part in Osborn's failure to receive the EAJA fee, and Osborn had a straightforward way of obtaining that money, i.e., timely following up on the missing EAJA check within the one-year window. Under such circumstances, Plaintiff should not be penalized. In analogous cases in which counsel never sought EAJA fees in the first instance, "Courts of this Circuit have consistently held that counsel is not permitted to obtain a bonus by foregoing the opportunity to seek fees under the EAJA." *Romanelli v.*

5

*Saul*, No. 11-CV-4908, 2021 WL 2382265, at *2 (E.D.N.Y. June 10, 2021) (citing *Losco v. Bowen*, 638 F. Supp. 1262, 1266 (S.D.N.Y. 1986)). The same logic holds here. *See Iliceto v. Sec'y of Dep't of Health & Hum. Servs.*, No. 83-CV-2160, 1990 WL 186254 at *2 (E.D.N.Y. Nov. 14, 1990) (although an office fire's destruction of files may explain attorney's failure to seek EAJA fees, "it does not explain why the client should shoulder the financial burden."). The Court thus orders Osborn to refund the EAJA award to Plaintiff.

In summary, the Court approves Osborn's requested attorney-fee award of $40,584.43 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits. Within five business days of receipt of the § 406(b) fees, Osborn is ordered to refund the EAJA award of $5,465.00 to Plaintiff and file a declaration stating such on the docket.

**SO ORDERED.**

                                                  _/S/ Frederic Block_____
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
February 18, 2024